Michael J. Garcia, City Attorney, SBN 192848
Ann M. Maurer, Chief Assistant City Attorney, SBN 179649
AMaurer@glendaleca.gov
Miah Yun, Assistant City Attorney, SBN 218808
MYun@glendaleca.gov
Andrew Rawcliffe, Deputy City Attorney, SBN 259224
ARawcliffe@glendaleca.gov
613 E. Broadway, Suite 220
Glendale, CA  91206
Telephone:  (818) 548-2080
Facsimile:  (818) 547-3402

Bradley H. Ellis, SBN 110467
bellis@sidley.com
Frank J. Broccolo, SBN 210711
fbroccolo@sidley.com
Christopher S. Munsey, SBN 267061
cmunsey@sidley.com
Laura L. Richardson, SBN 288954
laura.richardson@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for Defendant
CITY OF GLENDALE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHIKO SHIOTA GINGERY, an individual, KOICHI MERA, an individual, GAHT-US Corporation, a California non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF GLENDALE, a municipal corporation, SCOTT OCHOA, in his capacity as Glendale City Manager,<br><br>Defendants. | Case No. 2:14-cv-1291-PA-AJW<br><br>Assigned to: Hon. Percy Anderson<br><br>**DEFENDANT CITY OF GLENDALE'S REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed concurrently with Special Motion to Strike Pursuant to California Code of Civil Procedure 425.16; Motion to Dismiss or Strike; Request for Judicial Notice; Declarations of Christopher S. Munsey and Karen Cruz; and [Proposed] Orders]<br><br>Date:     May 12, 2014<br>Time:     1:30 p.m.<br>Place:    Courtroom 15 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant City of Glendale ("Glendale") filed concurrently herewith a Motion to Dismiss and/or Strike Pursuant to Federal Rules of Civil Procedure 12(b)(1),12(b)(6), and 12(f), and a Special Motion to Strike Pursuant to California Code of Civil Procedure Section 425.16.  In support of their Motions, Glendale respectfully requests that this Court take judicial notice of the following items, true and correct copies of which are attached to the Declaration of Christopher S. Munsey ("Munsey Decl."), pursuant to Federal Rule of Evidence 201(b):

Exhibit 1: Document reflecting proclamations, resolutions, statues, monuments, and memorials regarding historical events implicating foreign affairs, prepared April 9, 2014;

Exhibit 2: History-Social Science Content Standards for California Public Schools, California State Board of Education, October 1998;

Exhibit 3: Certified copy of the City of Glendale Charter, dated April 8, 2014;

Exhibit 4: 2003 Japan Report, Country Reports on Human Rights Practices, United States Department of State, Bureau of Democracy, Human Rights, and Labor, February 25, 2004;

Exhibit 5: House Resolution 121, 110th Congress, 2007;

Exhibit 6: Study "On the Issue of Wartime 'Comfort Women,'" Ministry of Foreign Affairs of Japan, Cabinet Councilors' Office of External Affairs, August 4, 1993;

Exhibit 7: Statement by Chief Cabinet Secretary Yohei Kono regarding "On the Issue of Wartime 'Comfort Women,'" Ministry of Foreign Affairs of Japan, August 4, 1993;

Exhibit 8: 2001 Recent Policy of the Government of Japan on the Issue Known as "Wartime Comfort Women," Ministry of Foreign Affairs of Japan, November 2001;

Exhibit 9: 2007 Recent Policy of the Government of Japan on the Issue Known as "Wartime Comfort Women," Ministry of Foreign Affairs of Japan, April 2007;

Exhibit 10:  Remarks by Japanese Prime Minister Abe during the Upper House Budget Session, Ministry of Foreign Affairs of Japan, March 14, 2014;

Exhibit 11: Secretary of State's Preface to the 2013 Country Reports on Human Rights Practices, United States Department of State, Bureau of Democracy, Human Rights, and Labor, February 27, 2014;

Exhibit 12: 2004 South Korea Report, Country Reports on Human Rights Practices, United States Department of State, Bureau of Democracy, Human Rights, and Labor, February 28, 2005;

Exhibit 13: 2013 Japan Report, Country Reports on Human Rights Practices, United States Department of State, Bureau of Democracy, Human Rights, and Labor, February 27, 2014;

Exhibit 14: United States' Statement of Interest, *Joo v. Japan*, Case No. 00-CV-2233 (D.D.C.), filed May 8, 2001;

Exhibit 15: Transcript of press briefing by Victoria Nuland, United States Department of State, August 16, 2012;

Exhibit 16: Transcript of press briefing by Patrick Ventrell, United States Department of State, July 9, 2013;

Exhibit 17: Transcript of press briefing by Jen Psaki, United States Department of State, May 16, 2013;

Exhibit 18: Transcript of press briefing by Jen Psaki, United States Department of State, January 16, 2014;

Exhibit 19: Video of remarks by United States Ambassador to South Korea Sung Kim embedded in article by Hwang Sung-hee, *U.S. Ambassador to South Korea Calls "Comfort Women" Issue Grave Human Rights Violation*, Arirang News, March 7, 2014;[1]

Exhibit 20: Transcript of press briefing by Jen Psaki, United States Department of State, March 10, 2014;

Exhibit 21: Results of business-entity search for GHAT-US on the California Secretary of State website;

---

[1] Defendant only seeks judicial notice of the fact that the United States Ambassador to South Korea Sung Kim made certain statements on a particular day as reflected by the embedded video.

2

Exhibit 22: Transcript of press briefing by Victoria Nuland, United States Department of State, January 7, 2013;

Exhibit 23: Transcript of Secretary of State John Kerry's remarks with Republic of Korea Foreign Minister Yun Byung-se, United States Department of State, February 13, 2014;

Exhibit 24: Lee Chi-dong, *Russel: Korea-Japan History Row Not Insurmountable*, Yonhap News Agency, February 17, 2014;

Exhibit 25: Transcript of Secretary of State John Kerry's remarks with Japanese Foreign Minister Fumio Kishida, United States Department of State, February 7, 2014;

Exhibit 26: Transcript of remarks by President Obama, President Park of the Republic of Korea, and Prime Minister Abe of Japan, the White House, March 25, 2014;

Exhibit 27: Press Secretary's Statement, the White House, February 12, 2014; and

Exhibit 28: Model Curriculum for Human Rights and Genocide, California State Board of Education, 2000.

Glendale also requests that the Court take judicial notice of Exhibits A and B attached to the concurrently-filed Declaration of Karen Cruz ("Cruz Decl.").

The Court may take judicial notice of the above items because they are not subject to reasonable dispute, and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Moreover, Exhibits 14, 22, 24, and 25 to the Munsey Decl., and Exh. A to the Cruz Decl., are referred to in the complaint and should be considered by the Court as part of a motion to dismiss without resort to judicial notice.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) ("The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint whose authenticity no party questions.")

Government Records and Reports and Statements of Government Officials.
"Judicial notice is appropriate for records and 'reports of administrative bodies.'"

*United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (quoting *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954)).  Courts routinely take judicial notice of reports published by the State Department.  *See, e.g.*, *American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1070 (9th Cir. 1995) (taking judicial notice of State Department publications); *United States v. Quintanilla*, No. CR 09-01188 SBA, 2011 U.S. Dist. LEXIS 110625, at *24 n. 5 (N.D. Cal. Sept. 28, 2011) (taking judicial notice of the State Department's 2004 Country Report on Human Rights Practices in El Salvador).  In this context it is also appropriate for a court to take judicial notice of the transcripts produced by an administrative agency.  *See, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming lower court's decision to take judicial notice of "documents and transcripts produced by the FDA").[2]

    The same is true of reports and pronouncements of state agencies.  *See, e.g.*, *Lopez v. Regents of the Univ. of Cal.*, No. C-13-2811, 2013 U.S. Dist. LEXIS 173228, at n.4 (N.D. Cal. Dec. 10, 2013) (taking judicial notice of California Department of Education pronouncements, handbooks, and letters); *Adam v. Mortg. Elec. Registration Sys.*, No. 10-7886, 2011 U.S. Dist. LEXIS 3246, at n. 2 (C.D. Cal. Jan. 4, 2011) (taking judicial notice of a corporation's registration with the California Secretary of State).  The Court may also take judicial notice of transcripts of press briefings and statements made by government officials.  *See, e.g., ACLU v. NSA*, 493 F.3d 644, 648 n.1 (6th Cir. 2007) (taking judicial notice of statements of the President and citing and quoting from Department of Justice press briefings noticed by the court below); *accord Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974, 987 (N.D. Cal. 2006).  Courts may also take judicial notice of "'the public acts and proclamations of

---

[2] This includes statements of interest by the United States filed in other cases.  *See Foley v. JetBlue Airways, Corp.*, No. 10-3882, 2011 U.S. Dist. LEXIS 85426, at *5 (N.D. Cal. Aug. 3, 2011) (discussing briefing based on judicial notice of the substance of a statement of interest of the United States filed in a different case).

1  [foreign] governments, and those of their publicly recognized agents.'" *Gross v.*
2  *German Found. Indus. Initiative*, 549 F.3d 605, 612 (3d Cir. 2008) (quoting *United*
3  *States v. Reynes*, 50 U.S. 127, 147-48, 13 L. Ed. 74 (1850)).

4  Accordingly, the Court may take judicial notice of Exhibits 2, 4-18, 20-23, and
5  25-28 to the Munsey Decl.

6  <u>Local Charters, Ordinances, and Acts</u>.  The Court is also permitted to take
7  judicial notice of charters, ordinances, and acts of local governments.  *See, e.g.,*
8  *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d
9  1046, 1053, n.4 (9th Cir. 2004) (noting that lower court properly took judicial notice
10  of local ordinance); *Hansen v. City of San Francisco*, No. 12-cv-04210, 2014 U.S.
11  Dist. LEXIS 44853, at n.1 (N.D. Cal. Mar. 31, 2014) (holding that city charter and
12  other ordinances were the proper subject of judicial notice).

13  Accordingly, the Court may take judicial notice of Exhibit 3 to the Munsey
14  Decl., and Exhibits A and B to the Cruz Decl.

15  <u>Newspaper, Internet Articles, and Other Media</u>.  The Court is also permitted to
16  take judicial notice of articles published by newspapers or on the internet as well as
17  other media.  *Ieradi v. Mylan Labs., Inc.*, 230 F. 3d 594, 598 n.2 (3d Cir. 2000)
18  (taking judicial notice of a newspaper article); *Hendrickson v. eBay, Inc.*, 165 F. Supp.
19  2d 1082, 1084 n.2 (C.D. Cal. 2001) (taking judicial notice of a website and the
20  information contained therein); *Conn. Cmty. Bank v. Bank of Greenwich*, 578 F. Supp.
21  2d 405, 415-16 (D. Conn. 2008) (taking judicial notice of internet search results on
22  google.com); *March Madness Ath. Ass'n L.L.C. v. Netfire, Inc.*, 310 F. Supp. 2d 786,
23  803 n.65 (N.D. Tex. 2003) (taking judicial notice of the results of an internet search
24  on the grounds that it is "capable of accurate and ready determination by resort to
25  sources whose accuracy cannot reasonably be questioned"); *Al-Aulaqi v. Panetta*, CV
26  12-1192 (RMC), 2014 U.S. Dist. LEXIS 46689, at *30 (D.D.C. Apr. 4, 2014) (taking
27  judicial notice of statements made in a video interview) *citing* Federal Rule of
28  Evidence 201(b)(2).

1    Accordingly, the Court may take judicial notice of Exhibits 19 and 24 to the

2  Munsey Decl.

3    <u>Geographic and Historic Facts</u>.  The Court may take judicial notice of

4  geographic and historic facts.  *See, e.g., Muckleshoot Tribe v. Lummi Indian Tribe*,

5  141 F.3d 1355, 1358, n.4 (9th Cir. 1998) ("The court may take judicial notice of

6  undisputed geographical facts."); *United States v. 3,827 Coins*, 144 F. Supp. 740, 741

7  (D. Haw. 1956) (taking judicial notice of historic facts related to the Hawaiian

8  History).  Courts have often taken judicial notice of issues related to statues or other

9  landmarks.  *See, e.g., United States v. Sued*, 143 F. Supp. 2d 346, 352-353 (S.D.N.Y.

10  2001) (taking judicial notice of the conditions inside of the statute of liberty); *see also*

11  *United States v. Mendell*, 447 F.2d 639, 642 (7th Cir. 1971) (taking judicial notice of

12  various landmarks located within Chicago).

13    Accordingly, the Court may take judicial notice of Exhibit 1 to Munsey Decl.

14    Consequently, for each of the foregoing reasons, Defendant respectfully

15  requests that the Court take judicial notice of all of the foregoing items.

16

17  Dated:      April 11, 2014

          GLENDALE CITY ATTORNEY'S OFFICE
18          Michael J. Garcia
          Ann M. Maurer
19          Miah Yun
          Andrew Rawcliffe
20
          SIDLEY AUSTIN LLP
21          Bradley H. Ellis
          Frank J. Broccolo
22          Christopher S. Munsey
          Laura L. Richardson
23
24          By:  /s/ Bradley H. Ellis
              Bradley H. Ellis
25              Attorneys for Defendant
              CITY OF GLENDALE
26

27

28