**WILLIAM B. DECLERCQ, ESQ.** (SBN 240538)
William@DeClercqLaw.com
**DECLERCQ LAW GROUP**
225 S. Lake Avenue, Suite 300
Pasadena, CA 91101
Telephone:  626-408-2150
Facsimile:  626-408-2159

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHIKO SHIOTA GINGERY**, AN INDIVIDUAL, **KOICHI MERA**, AN INDIVIDUAL,  **GAHT-US CORPORATION**, A CALIFORNIA NON-PROFIT CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF GLENDALE**, A MUNICIPAL CORPORATION, AND **SCOTT OCHOA**, IN HIS CAPACITY AS GLENDALE CITY MANAGER,<br><br>Defendants. | Case No.:  2:14-cv-1291-PA-AJW<br>[*Hon. Percy Anderson*, Courtroom 15]<br><br>**PLAINTIFFS' OPPOSITION TO APPLICATION OF THE GLOBAL ALLIANCE FOR PRESERVING THE HISTORY OF WW II IN ASIA FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Michiko Shiota Gingery, Koichi Mera, and GAHT-US Corporation ("**Plaintiffs**") hereby submit their Opposition to Application of the Global Alliance for Preserving the History of WW II in Asia ("**Applicant**") For Leave to Participate As *Amicus Curiae* ("**Application**").

Plaintiffs, in principal, believe in the necessity of airing multiple viewpoints in genuine historical controversies, but this is not what their lawsuit is about. Rather, Plaintiffs' complaint challenges the City of Glendale's actions based upon federal preemption grounds, as well as violations of city law, as alleged in Plaintiffs' complaint. Plaintiffs take no position in their complaint regarding the international discussions, the federal foreign policy, or the historical record surrounding the events of World War II. Therefore, the proposed *amicus* brief does not in any way assist the court in deciding the issues before it.

In general, *amicus* briefs are not considered at the district court level. Indeed, there is no rule in the Federal Rules of Civil Procedure that expressly permit *amicus* filings. Notably, the brief proposed by Applicant was filed without approval as amicus counsel or leave of court, perhaps in an effort to induce bias against the Plaintiffs. Worse, as set forth in the concurrently-filed declaration of counsel, Applicant not apprise Plaintiffs' counsel of the substance of the proposed brief in the purported meet and confer. This alone is grounds to deny the application.

In its proposed *amicus* brief, Applicant seeks to have the Court allow it to present its view of the historical record, and allow Applicant to engage in personal allegations against the Plaintiffs. Applicant does not propose to offer helpful legal scholarship as to the two causes of action pending before the Court. Instead, it is explicitly promoting its political agenda.

By promoting its views, the proposed amicus brief of Applicant ironically highlights Plaintiffs' contention that the City of Glendale has infringed on the federal foreign affairs power of the United States federal government.

Nevertheless, Plaintiffs respectfully request that the Court deny application of GAPHWWIIA for leave to participate as *amicus curiae*.

## II. COUNSEL DID NOT ENGAGE IN MEANINGFUL MEET AND CONFER EFFORTS.

GAPHWWIIA alleges that a "conference of counsel" pursuant to Local Rule 7-3 occurred on May 7, 2014.  Local Rule 7-3 provides, in pertinent part, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, ***preferably in person***, the substance of the contemplated motion and any potential resolution." (emphasis original.)   The Local Rule was not satisfied here.

On May 7, 2014, counsel for Applicant telephoned undersigned counsel for Plaintiffs.  (Declaration of William B. DeClercq, Esq. ["**DeClercq Decl**."], at ¶ 2.) Applicant's counsel asked whether Mr. DeClercq had ever heard of his clients.  (*Id*.) Mr. DeClercq stated that he had not. (*Id*.)  Applicant's counsel advised that his client was a non-profit public legal/historical interest group that wished to file an *amicus* brief in the underlying litigation. (*Id*., at ¶ 3.)  Applicant's counsel asked whether Plaintiffs opposed the filing or not. (*Ibid*.)  Mr. DeClercq did not have enough information to take a position regarding the proposed *amicus* filing.  (*Ibid*.) Applicant's counsel did not advise what the proposed amicus brief might say about Plaintiffs' complaint or the legal issues. (*Ibid*.)  Applicant's counsel asked if he could state that Plaintiffs had no position, and Mr. DeClercq again withheld direct consent. (*Ibid*.)  The discussion was neither "thorough" nor was the "substance" of the proposed brief discussed. (*Ibid*.)  Plaintiffs have received a [Proposed] amicus brief from counsel for Applicant.  Had Plaintiffs been aware of the substance of the

Case 2:14-cv-01291-PA-AJW   Document 43   Filed 07/03/14   Page 4 of 10   Page ID #:430

amicus brief that Applicant eventually filed, Plaintiffs would have opposed the filing and sought to discuss the matter thoroughly. (*Id*., at ¶ 4.)

Applicant's Application should be denied because it failed to inform Plaintiffs of the substance of the brief as required by Local Rule 7-3, and Plaintiffs have withheld their direct consent.

## III.  LEGAL STANDARD

Federal Rule of Appellate Procedure 29 and Supreme Court Rule 37 expressly regulate the participation of amicus curiae.  However, the Federal Rules of Civil Procedure are silent as to the conditions under which a trial court should permit amicus appearances and the limitations, if any, on briefing and argument. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F.Supp. 1495, 1500–01 (S.D.Fla.1991).

A district court may, "in the exercise of its discretion, permit the filing of an *amicus curiae* brief." *Cnty. of Marin v. Martha Co.,* 2007 WL 987310 (N.D. Cal. Apr. 2, 2007); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982), *abrogated on other grounds by Sandin v. O'Connor,* 515 U.S. 472 (1995).  While "[t]here are no strict prerequisites that must be established prior to qualifying for amicus status," *In re Roxford Foods Litig.,* 790 F.Supp. 987, 997 (E.D.Cal.1991), the district courts in the Ninth Circuit have defined certain qualifying characteristics—particularly those to which direct consent has not been given. An amicus applicant must demonstrate that its "participation is useful to or otherwise desirable to the court.*"* <u>In re Roxford,</u> 790 F. Supp. at 997 (internatl citation omitted).  For example, in *NGV Gaming, Ltd. v. Upstream Point Molate, LLC,* 355 F.Supp.2d 1061, 1067 (N.D.Cal.2005), the amicus presented "*legal issues* that have potential ramifications beyond the parties directly involved."   Further, an amicus brief cannot be a "highly partisan ...

CASE NO.: 2-14-CV-1291-PA-AJW                          -4-
**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

account[s] of the facts," *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1124-25 (9th Cir. 1986), rather, it must take "a legal position and present legal arguments in support of it." Id.; *see also Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir.1970)("an amicus who argues facts should rarely be welcomed."). And finally, an amicus may not "initiate, create, extend, or enlarge the issues" of a case. Cnty. of Marin v. Martha Co., 2007 WL 987310 (N.D. Cal. Apr. 2, 2007) (citing *United States v. Alkaabi,* 223 F.Supp.2d 583, 593 (D.N.J.2002)). The participation of an amicus is "only for the benefit of the court" in resolving the legal issues presented. *Timeshare*, 764 F.Supp. at 1501 (quoting *News and Sun–Sentinel Co. v. Cox*, 700 F.Supp. 30, 31 (S.D.Fla.1988)).

As explained further below, these standards are not met and the Application should be denied.

## IV.  APPLICANT'S *AMICUS* IS UNWARRANTED IN THIS CASE.

Applicant does not propose a legal position, nor does it supply any potentially useful *legal* arguments that will assist this court in resolving whether Defendants violated the Supremacy Clause or the Glendale Municipal Code. Rather, Applicant presents itself merely as a source of historical information:

> The Global Alliance has considerable knowledge and experience in the area of history of World War II in the Pacific and of the comfort women in particular. Its brief will assist the Court by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.

Application at 7. Applicant wishes to be a source of information in the international debate on comfort women and Japan's respective role. Nowhere does the Application indicate that it will assist the court in interpreting the relation between federal and state actions, and the interpretation of Glendale's Municipal Code.

Furthermore, the content of the Application and proposed brief indicate that Applicant is attempting to draw the Court into the position of adjudicating history, which would go beyond the pleadings of this case, and seeks an impermissible expansion of the issues presented. *Cnty. of Marin,* 2007 WL 987310 at *1. Plaintiffs' Complaint does not ask the Court to determine the historical record, but rather whether the City of Glendale violated the Supremacy Clause and the City of Glendale Municipal Code when it erected a statue and monument that urges, among other things, that the nation of Japan must "take historical responsibility" for "war crimes."

Applicant is focused on promoting an international agenda specifically regarding the actions of the Japanese in the Pacific Theater of World War II. (Docket # 39, Application, at p. 2-3.) Applicant alleges it is qualified to assist because it has been involved on behalf of plaintiffs in "the class-action lawsuit filed in the U.S. District Court for the District of Columbia in September 2000 by former comfort women." (*Id*., at p.4) Presumably, Applicant is referring to *Joo v. Japan*, 413 F.3d 45, 46 (D.C. Cir. 2005), wherein the Court recognized that a decision with respect to the contested international and historical issues could have "serious implications for stability in the region." (*Id*., at 52.) *Joo* is entirely unrelated, as it was a tort case for liability for physical and emotional harm, whereas this is limited to allegations of federal preemption and a city's failure to abide by its own rules.

In support of its Application, Applicant cites various district court opinions holding that a proposed amicus curiae need only be "useful or otherwise desirable to the Court. (Application, at p. 6, citing *In re Roxford Foods Litig*., 790 F. Supp. 987, 997 (E.D. Cal. 1991).) However, in no case cited by the Applicant was the proposed *amicus curiae* qualified by their purported stake in unrelated litigation, as here, and in no case did the applicant fail entirely to address any of the legal issues presented. For example, in *Roxford Foods*, the Court held the applicant "U.S.D.A has general oversight authority over the Act and is empowered to bring administrative actions

against those who violate the Act and, in fact, prosecuted [certain parties] for violations of the Act…" *Id*. at 997.

In *NGV Gaming, Ltd. v. Upstream Point Molate, LLC* (N.D.Cal. 2005) 355 F.Supp.2d 1061, 1068, cited by Applicant, Application at 6, the Court permitted the Guidiville Band of Pomo Indians to file amicus briefs in the case "because of its involvement in the events leading to this case and its interest in the [] Agreements at issue." In contrast, Global Alliance does not purport to have any involvement in the facts surrounding this case, or its outcome.

The [Proposed] Amicus brief of the Applicant, not yet filed with the Court, exceeds the Applicant's permissible role as a non-partisan "friend of the Court." The document served to counsel simply does not address the legal issues in this case, or any issues whatsoever. It cites only one case, *Joo* , 413 F.3d 45, in which it was a consultant for the plaintiffs, and only one statute, I.R.C.§501(c)(3), pertaining to its status as a non-profit organization. (DeClercq Decl., ¶ 6.)

Its major arguments have little relation to the issues:

> I. Japan's Comfort Women Program;
> II. Japan's Acknowledgements of, and Apologies for, the Comfort Women Program; and
> III. Nature and Policies of the Plaintiffs." (*Id*., ¶ 7.)

These irrelevant arguments will not assist the Court. Instead they only confuse the legal issues with rhetoric, in an effort to promote the agenda of the Applicant in the highly controversial international debate concerning the history of World War II in the Pacific Theater. This Court need not wade into that debate by allowing Applicants to distract from the already complex legal issues facing this Court.

Accordingly, the Application should be denied.

## V. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully requests that this Court deny Global Alliance's Application for Leave to Participate as *Amicus Curiae*. In the

1 alternative, should the Court grant Global Alliance's application, Plaintiffs request
2 an opportunity to respond to the Applicant's proposed *amicus* brief.
3 DATED:  July 3, 2014                              **DECLERCQ LAW GROUP**

5                                         By: __/s/ William B. DeClercq, Esq.___
                                              William B. DeClercq, Esq.

7                                         ATTORNEY FOR PLAINTIFFS,
                                          MICHIKO SHIOTA GINGERY,
8                                         KOICHI MERA, and GAHT-US
                                          CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 225 South Lake Avenue, Suite 300, Pasadena, CA. On July 3, 2014, I served:

**PLAINTIFFS' OPPOSITION TO APPLICATION OF THE GLOBAL ALLIANCE FOR PRESERVING THE HISTORY OF WW II IN ASIA FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

on the interested parties in this action by placing a true and correct copy thereof as follows:

| | |
|---|---|
| Barry A. Fisher, Esq.<br>Bfisher557@aol.com<br>**FLEISHMAN & FISHER**<br>1925 Century Park East, Suite 2000<br>Los Angeles, CA  90067<br>Tel: 310.557.1077<br>Fax: 310.557.0770<br>*Attorneys for Movant*<br>*The Global Alliance for Preserving the History of WWII in Asia* | Frank John Broccolo<br>fbroccolo@sidley.com<br>Bradley H. Ellis<br>bellis@sidley.com<br>Christopher S. Munsey<br>cmunsey@sidley.com<br>Laura L. Richardson<br>Laura.Richardson@sidley.com<br>**SIDLEY AUSTIN LLP**<br>555 W 5th Street, Suite 4000<br>Los Angeles, CA 90013<br>Tel: 213.896.6000<br>Fax: 213.896.6600<br>*Attorneys for Defendants* |
| Andrew C. Rawcliffe<br>ARawcliffe@ci.glendale.ca.us<br>Glendale City Attorney<br>613 East Broadway, Suite 220<br>Glendale, CA 91206<br>Tel: 818.548.2080<br>Fax: 818.547.3402<br>*Attorney for Defendants* | |

**X**____   **BY NEF:**  The foregoing document will be served by the Court via NEF and hyperlink to the document.  On July 3, 2014, I checked the CM/ECF docket and determined that the foregoing person(s) are on the Electronic Mail Notice list to receive NEF transmission at the email address(es) indicated above.

**PROOF OF SERVICE**

1

2  ____ **BY OVERNIGHT COURIER:** I served the foregoing document on the interested parties in this action by placing a true and correct copy thereof enclosed in

3  a sealed envelope address as listed above for overnight delivery.  Under that practice, it would be deposited with Federal Express on that same day in Pasadena,

4  California in the ordinary course of business.

5

6  ____ **BY MAIL:** I served the foregoing document(s) on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as

7  listed above.  I am readily familiar with my firm's practice of collection and processing correspondence and documents for mailing.  Under that practice, such

8  documents are deposited with the United States Postal Service on that same date with postage thereon fully-prepaid in Pasadena, California in the ordinary course of

9  business.  I am aware that on motion of the party served, service is presumed invalid

10  if the postal cancellation date or postage meter date is more than one day after the

11  date of deposit for mailing in this affidavit.

12

13  ____ **BY PERSONAL SERVICE:** I served the foregoing document(s) on interested parties in this action by placing a true copy thereof enclosed in a sealed

14  envelope addressed as listed above.  I delivered such envelope by hand to the offices of the addressee(s).

15

16       Executed on July 3, 2014 at Pasadena, California.  I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

17

18

19                                              */s/ William B. DeClercq*
                                                William B. DeClercq, Esq.

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**