UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 14-1291 PA (AJWx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS

Before the Court are a Special Motion to Strike Pursuant to California Code of Civil Procedure section 425.16 ("Anti-SLAPP Motion") (Docket No. 19) and a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or to Strike Pursuant to Rule 12(f) ("Motion to Dismiss") (Docket No. 20) filed by defendant City of Glendale ("Glendale" or "Defendant").  Defendant challenges the sufficiency of the Complaint filed by plaintiffs Michiko Shiota Gingery, Koichi Mera, and GAHT-US Corporation (collectively "Plaintiffs").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters are appropriate for decision without oral argument.

**I.     Background**

This action concerns the installation of a monument in Glendale's Central Park.  According to the Complaint, the monument was unveiled on July 30, 2013, and includes a 1,100 pound bronze statue of a young girl in Korean dress sitting next to an empty chair with a bird perched on her shoulder.  Next to the statue is a plaque that reads, in part:

> In memory of more than 200,000 Asian and Dutch women who were removed from their homes in Korea, China, Taiwan, Japan, the Philippines, Thailand, Vietnam, Malaysia, East Timor and Indonesia, to be coerced into sexual slavery by the Imperial Armed Forces of Japan between 1932 and 1945.
>
> And in celebration of proclamation of "Comfort Women Day" by the City of Glendale on July 30, 2012, and of passing House Resolution 121 by the United States Congress on July 30, 2007, urging the Japanese Government to accept historical responsibility for these crimes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1291 PA (AJWx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | |

> It is our sincere hope that these unconscionable violations of human rights never recur.

(Compl. ¶ 11.)

    Plaintiffs filed this action for declaratory and injunctive relief on February 20, 2014. The Complaint alleges two causes of action. In their first claim, which Plaintiffs label a claim for "Unconstitutional Interference with Foreign Affairs Power," Plaintiffs allege that Glendale's erection of the monument "interferes with the Executive Branch's primary authority to conduct foreign relations by disrupting foreign policy as to the resolution of the historical debate concerning comfort women. The Public Monument also violates the Supremacy Clause." (Compl. ¶ 59.) According to the Complaint, by installing the Comfort Women monument, Glendale "has taken a position in the contentious and politically-sensitive international debate concerning the proper historical treatment of the former comfort women. More specifically, given the inflammatory language used in the plaque that is prominently featured alongside the statue, Glendale has taken a position at odds with the expressed position of the Japanese Government." (Compl. ¶ 61.) In support of their assertion that this Court possesses subject matter jurisdiction, the Complaint alleges that this action arises under "42 U.S.C. § 1983; the foreign affairs powers of the United States, U.S. Const. art. II, sec. 1, cl. 1, sec. 2, cl. 1; sec. 2, cl. 2; and sec. 3; and the Supremacy Clause, U.S. Constitution, art. VI, cl. 2." (Compl. ¶ 1.) Plaintiffs' second cause of action asserts a supplemental state law claim under the Glendale Municipal Code alleging that Glendale's city council failed to comply with Robert's Rules of Order when it approved the placement of the monument.

    According to the Complaint, plaintiff Michiko Shiota Gingery is a resident of Glendale who was born in Japan and is now a naturalized citizen of the United States. Plaintiff GAHT-US Corporation ("GAHT-US") is a non-profit corporation organized under the laws of California. The purpose of GAHT-US is to "provide accurate and fact-based educational resources to the public in the U.S., including within California and Glendale, concerning the history of World War II and related events, with an emphasis on Japan's role." (Compl. ¶ 7.) Koichi Mera is a Japanese-American who resides in the City of Los Angeles and is the President of GAHT-US. The Complaint alleges that Gingery, Mera, and the members of GAHT-US avoid using Glendale's Central Park where the monument is located because they are "offended by the Public Monument's pointed expression of disapproval of Japan and the Japanese people." (Compl. ¶ 6.)

    Both parties filed Requests for Judicial Notice in which they seek to have the Court take judicial notice of various historical facts and governmental statements concerning the controversies surrounding the acknowledgment of responsibility for the treatment of the Comfort Women and reaction by some within the Japanese government to the monument. Although neither party has objected to the other party's Request for Judicial Notice, the materials of which the parties have requested the Court to take judicial notice are not necessary or relevant to the Court's resolution of the pending motions. The Court therefore denies the parties' Requests for Judicial Notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1291 PA (AJWx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | |

The Court has also received two Ex Parte Applications for Leave to Appear as Amicus Curiae. The first of the Amicus Applications was filed by The Global Alliance for Preserving the History of WW II in Asia (the "Global Alliance") (Docket No. 39). The Global Alliance seeks leave to file a proposed Amicus Brief containing historical information concerning the Comfort Women. The second Amicus Application was filed by the Korean-American Forum of California (Docket No. 45) and includes declarations from two individuals detailing their experiences during World War II as Comfort Women. Although the Court has reviewed the materials submitted by the Amicus applicants, the Court has concluded that none of the information provided by the proposed Amicus applicants is necessary for the Court's disposition of the present motions. The Court therefore has not relied on any of the information contained in the Amicus applications in reaching its decision concerning the pending motions. The Ex Parte Applications for Leave to Appear as Amicus Curiae are therefore denied without prejudice.

**II.     Analysis**

In its Anti-SLAPP Motion, Defendant contends that the Complaint's first claim alleging violations of the United States Constitution does not allege a viable federal claim and is therefore susceptibly to a Motion to Strike pursuant to California Code of Civil Procedure section 425.16. Although the Complaint's first claim could have been crafted to more clearly indicate that it is brought pursuant to 42 U.S.C. § 1983, the Court concludes that, at a minimum, Plaintiffs' first claim is intended to be a federal claim, originally filed in federal court, and that California Code of Civil Procedure section 425.16 does not apply to that claim. See Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2009) ("[T]he anti-SLAPP statute does not apply to federal causes of action."). Because this Court's subject matter jurisdiction is based on the Complaint's first claim, and that claim is not susceptible to an anti-SLAPP Motion, the Court will first address Glendale's Motion to Dismiss.

In its Motion to Dismiss, Glendale asserts, pursuant to Federal Rule of Civil Procedure 12(b)(1), that Plaintiffs lack standing to pursue their claim alleging violations of the United States Constitution's foreign affairs powers and Supremacy Clause. Glendale additionally argues, pursuant to Federal Rule of Civil Procedure 12(b)(6), that Plaintiffs' constitutional claim fails to state a claim upon which relief can be granted, presents a political question over which the Court should not interfere, and impermissibly infringes on Glendale's First Amendment rights.

    **A.     Lack of Standing**

Article III of the United States Constitution requires that a litigant have standing to invoke the power of a federal court. Because Article III's standing requirements limit subject matter jurisdiction, a lawsuit is properly challenged by a rule 12(b)(1) motion to dismiss. See Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). For the purpose of ruling on a motion to dismiss for lack of standing, the Court must accept as true all material allegations of the complaint and must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1291 PA (AJWx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | |

construe the complaint in favor of the complaining party. Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011).

To satisfy Article III standing, a plaintiff must show that she has suffered an "'injury in fact,'" that there is a "causal connection between the injury," and the defendant's complained-of conduct, and that it is likely "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136-37, 119 L. Ed. 2d 351 (1992); see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). To demonstrate an "injury in fact," a plaintiff must establish an "invasion of a legally protected interest which is (a) concrete and particularized [citations] and (b) 'actual or imminent, not "conjectural" or 'hypothetical.'" Lujan, 504 U.S. at 560. To meet this test, the "line of causation" between the alleged conduct and injury must not be "too attenuated," and "the prospect of obtaining relief from the injury" must not be "too speculative." Allen v. Wright, 468 U.S. 737, 752 (1984); Maya v. Centex Corp., 658 F.3d 1060, 1070 (9th Cir. 2011).

Plaintiffs assert that their avoidance of Glendale's Central Park resulting from their disagreement and distress over the content of the Comfort Women monument is a sufficient injury in fact to confer standing upon them to assert their federal claim. But that injury in fact has no causal connection to the constitutional claims alleged in the Complaint. The fact that local residents feel disinclined to visit a local park is simply not the type of injury that can be considered to be in the "line of causation" for alleged violations of the foreign affairs power and Supremacy Clause. That is, even if Glendale's placement of the monument did violate the Constitution's delegation of foreign affairs powers to the Executive Branch, and in some way upset the Supremacy Clause's constitutional balance between state and federal authority, the relationship between that legal harm and the offense Plaintiffs have taken to the existence of the monument is simply too attenuated to confer standing on Plaintiffs to pursue the federal claim they have asserted in this action. See Caldwell v. Caldwell, 545 F.3d 1126, 1133 (9th Cir. 2008) ("Caldwell's offense is no more than an 'abstract objection' to how the University's website presents the subject. . . . Accordingly, we believe there is too slight a connection between Caldwell's generalized grievance, and the government conduct about which she complains, to sustain her standing to proceed.").

Barnes-Wallace v. City of San Diego, 530 F.3d 776 (9th Cir. 2008), the case on which Plaintiffs principally rely to support their purported standing to pursue their claims, is readily distinguishable. Barnes-Wallace involved Establishment Clause and Equal Protection challenges brought on behalf of agnostic and lesbian parents to the City of San Diego's leasing of public land to an organization that excludes persons because of their religious and sexual orientations. The causal relationship between the presence of such an organization on public land as a deterrent to those plaintiffs' use and enjoyment of that public land, and the Establishment Clause and Equal Protection claims asserted in that action was far more direct than is the relationship between the alleged harms and Supremacy Clause and foreign affairs power claims pursued by the Plaintiffs in this action. Id. at 785-86 ("[T]he plaintiffs here are lesbians and agnostics, members of the classes of individuals excluded and publicly disapproved of by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1291 PA (AJWx) | | Date | August 4, 2014 |
|---|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | | |

the Boy Scouts. They are not bystanders expressing ideological disapproval of the government's conduct."); see also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 485, 102 S. Ct. 752, 765, 70 L. Ed. 2d 700 (1982) ("Although respondents claim that the Constitution has been violated, they claim nothing else. They fail to identify any personal injury suffered by them as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees.").

Finally, Gingery's concern that the placement of the monument "presents the potential to disrupt the United States' strategic alliances with its closest East Asian allies, Japan and South Korea" (Compl. ¶ 6,) is not a sufficient injury in fact to confer standing. See Lujan, 504 U.S. at 575, 112 S. Ct. at 2143, 119 L. Ed. 2d 351 ("'It is an established principle . . . that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public.'") (quoting Ex parte Lévitt, 302 U.S. 633, 634, 58 S. Ct. 1, 82 L. Ed. 493 (1937)). For all of the foregoing reasons, the Court concludes that Plaintiffs lack standing to pursue their federal claim.

**B.      Failure to State a Claim**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1291 PA (AJWx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | |

taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Even if Plaintiffs possessed Article III standing, dismissal is still appropriate because Plaintiffs have failed to allege facts that state a cognizable legal theory. Plaintiffs have alleged no well-pleaded factual allegations that could plausibly support a conclusion that the Comfort Women monument in Glendale's Central Park, with a plaque expressing "sincere hope that these unconscionable violations of human rights never recur," violates the Supremacy Clause or foreign affairs powers. See Am. Ins. Ass'n v. Garamendi, 539 U.S. 396, 421, 123 S. Ct. 2374, 2390, 156 L. Ed. 2d 376 (2003) ("The exercise of federal executive authority [over the conduct of foreign relations] means that state law must give way where, as here, there is evidence of clear conflict between the policies adopted by the two."). Plaintiffs' Complaint provides no well-pleaded allegations of the required "clear conflict" between the federal government's foreign relations policies concerning recognition of the plight of the Comfort Women and Glendale's placement of the monument in its Central Park. Id. Indeed, as alleged in the Complaint, the plaque accompanying the statue cites to House Resolution 121, passed by Congress on July 30, 2007, "urging the Japanese Government to accept historical responsibility for these crimes." (Compl. ¶ 11.)

Any contrary conclusion would invite unwarranted judicial involvement in the myriad symbolic displays and public policy issues that have some tangential relationship to foreign affairs. For instance, those who might harbor some factual objection to the historical treatment of a state or municipal monument to the victims of the Holocaust could make similar claims to those advanced by Plaintiffs in this action. Neither the Supremacy Clause nor the Constitution's delegation of foreign affairs powers to the federal government prevent a municipality from acting as Glendale has done in this instance:

> Holding that cities are preempted under . . . federal law . . . from making pronouncements on matters of public interest . . . would mark an unprecedented and extraordinary intrusion on the rights of state and local governments. An inherent power of any sovereign government and one that is fundamental to any form of democracy is the ability to communicate with the citizenry. . . . Absent explicit direction from Congress, we are not willing to conclude that our federal government has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1291 PA (AJWx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | |

chosen to adopt a rule that is so antithetical to fundamental principles of federalism and democracy.

Alameda Newspapers, Inc. v. City of Oakland, 95 F.3d 1406, 1415 (9th Cir. 1996).

Glendale's placement of the Comfort Women monument in its Central Park does not pose the type of interference with the federal government's foreign affairs powers that states a plausible claim for relief. Instead, even according to the facts alleged in the Complaint, Glendale's placement of the statue is entirely consistent with the federal government's foreign policy. Plaintiffs have not asked for leave to amend the Complaint to cure the deficiencies identified by Defendant. Nor does the Court believe that any amendment could cure those deficiencies. The Court therefore concludes that Plaintiffs have failed to state a viable constitutional claim and that any amendment would be futile. As a result, the Court dismisses Plaintiffs' first claim with prejudice. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990). The Court declines to address Defendant's remaining arguments in support of its Motion to Dismiss.

### C.      Supplemental State Law Claim

The Court has supplemental jurisdiction over Plaintiff's remaining state law claim under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the Court has dismissed the only claim over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim. See 28 U.S.C. § 1367(c)(3). The Court therefore dismisses the Complaint's second claim without prejudice.

### Conclusion

For all of the foregoing reasons, the Court concludes that Plaintiffs lack standing to pursue their first claim for violations of the United States Constitution's provisions concerning foreign affairs powers and the Supremacy Clause. The Court additionally determines that the Complaint's first claim also fails to state a claim upon which relief can be granted. The Court therefore dismisses the Complaint's first claim with prejudice. The Court declines to exercise supplemental jurisdiction over the Complaint's remaining state law claim and dismisses that claim without prejudice. Pursuant to 28 U.S.C. § 1367(d),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1291 PA (AJWx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | Michiko Shiota Gingery, et al. v. City of Glendale, et al. | | |

this Order acts to toll plaintiffs' statute of limitations on their state law claim for a period of thirty (30) days, unless state law provides for a longer tolling period. Defendant's Anti-SLAPP Motion is denied as moot.

    IT IS SO ORDERED.